## THE TICELINE.

### (Circuit Court of Appeals, Second Circuit. December 12, 1916.)

### No. 96.

COLLISION ☞102—TOW AND DREDGE—MUTUAL FAULTS.

 A collision in Arthur Kill between a boat in a tow and a dredge at work *held* due to faults of both the towing tug and the dredge: The tug, which had a clear channel of 300 feet with a comparatively short tow not exceeding 75 feet in width, for not sooner changing her course which was necessary to pass the dredge; and the dredge, in not sooner swinging on its spud as was customary to give more room for passing vessels.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty for collision by Mary A. Dempsey and Thomas Monahan against the Atlantic, Gulf & Pacific Company. The steamtug Ticeline impleaded. Decree for libelant against respondent and the impleaded tug, and respondent appeals. Affirmed.

The following is the opinion of Hough, District Judge:

So far as this circuit is concerned, the line of cases, of which The City of Birmingham, 138 Fed. 555, 71 C. C. A. 115, is the leading decision, seems to me to have added nothing to the rule long laid down that a vessel anchoring in a dangerous position shall take precautions commensurate with the perils assumed.

The Arthur Kill is pre-eminently a place where the peril of navigation is very great—not so much by reason of contingencies of weather or tidal movements, as because of the narrow channel there existing and the number and character of tows frequenting the waters.

There is here presented a collision between the end of a comparatively small tow and a dredge engaged in deepening the channel slightly to the northward of Buckwheat Island.

The dredge owners were operating under a contract with the United States. By the explicit language of their agreement, the whole burden of reasonably keeping out of the way of navigators was laid upon them.

It is evident that they endeavored to meet this burden, not only by shifting their dredge at times, but by swinging the dredge upon its spud so as to get (if not the whole dredge) at least the forward end of it out of the way of passing vessels. That respondent's dredge was thus equipped was well known to persons navigating the Kill generally and to those in charge of the Ticeline in particular.

The inquiries suggested by the evidence are: First, how much of a channel did the dredge give to the Ticeline and her tow; and, second, what measures, if any, were timely made by those in charge of the dredge to render that channel available, safe, and as easy as circumstances would permit.

On the first point, I am satisfied, by the quality rather than the quantity of the evidence, that the dredge gave a channel approximately 300 feet wide to the approaching tug, which upon a hawser of ordinary length had two tiers of boats aggregating perhaps 230 feet from the bow of the hawser boat to the stern of the rear one. The tow was not over 75 feet wide (with due allowance for fenders). It was made up in a somewhat unusual manner, i. e., without any breastlines or springlines between the rear starboard boat (which came into collision) and the next vessel alongside.

By the testimony from the Ticeline, that tug with her tow approached the dredge head on; that is, it was necessary (starting from a point, say, 500 or 600 feet from the dredge) for the Ticeline to change her course in order to avoid the dredge.

Yet the channel was straight, and she had nearly if not quite 300 feet of clear water within which to navigate.

No reason is seen why any tug could not take a tow 70 feet wide through such a channel if she had navigated with care.

As matter of fact, she never turned to avoid the dredge until so close thereto that it was necessary to make an S curve in order to "snap the end of the tow away from the dredge." The necessary, obvious, and proven effect of this maneuver was to make libelant's boat swing away from the boat alongside, and in my opinion considerably contributed to the collision—which would not have occurred had there been an additional clearance of 5 feet.

For not changing her course sooner, and for managing her tow in the manner hereinabove set forth, the Ticeline is at fault.

But the dredge cannot be wholly exonerated. I do not think that hers was the greater fault, but she had accustomed navigators to expect her to swing her forward end out of the way when tows were approaching; they had a right to rely upon this and to rely upon a timely swing.

The master of the dredge was not aboard, and the two men who were in charge, by their own testimony, did not begin to swing the dredge until the approaching tug and tow were within 200 feet of them. I think this delay is not to be excused, for it is believed that the Ticeline had signaled her approach twice, once when quite far down the Kill, and a second time within 500 or 600 feet of the dredge. No reason is seen why the dredge should not have swung at least at the second signal, and, if she had done so, I do not think there would have been a collision, for it is not believed that the swing of the dredge had been completed at the time the accident took place.

For these reasons the libelant may take a decree against both the original respondent and the party impleaded. The only costs will be those of the libelant.

Russell H. Robbins, of New York City, for respondent-appellant.

Herbert Green, of New York City, for libelants-appellees.

Park & Mattison, of New York City, for claimant-appellee.

Before WARD and ROGERS, Circuit Judges, and MANTON, District Judge.

PER CURIAM. Decree affirmed.

---

NEW ENGLAND S. S. CO. v. R. G. PACKARD DREDGING CO.

(Circuit Court of Appeals, Second Circuit. December 12, 1916.)

No. 72.

NAVIGABLE WATERS ⬡═26(3)—OBSTRUCTION BY ROCKS IN CHANNEL—SUIT FOR DAMAGES.

Evidence *held* insufficient to sustain the allegation of a libel that an injury to the bottom of libelant's steamer was caused by striking rocks thrown up by respondent dredging company in the course of its work.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 152–166.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the New England Steamship Company against the R. G. Packard Dredging Company. Decree for respondent, and libelant appeals. Affirmed.